OPINION
{¶ 1} Plaintiff-appellant Justin H. McCarthy appeals from a summary judgment rendered against him on his complaint against defendant-appellee Republic-Franklin Insurance Company for underinsured motorist coverage. He contends that the trial court erred in finding that he was not covered by his employer's commercial insurance policy. We conclude that because the insurance policy has an endorsement that specifies individuals who are covered, the ambiguity that would otherwise be found to exist, pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins.Co., 85 Ohio St.3d 660, 1999-Ohio-292, is removed, and McCarthy is not covered under the policy.
 {¶ 2} McCarthy also contends that the trial court erred by determining that he is not entitled to binding arbitration. In this regard, McCarthy acknowledges that coverage issues are to be resolved by the court. McCarthy raises this assignment of error merely in order to preserve his right to binding arbitration on the issue of damages in the event that the judgment adverse to him on the issue of coverage should be reversed. In view of our disposition of the coverage issue, this assignment of error is moot.
 {¶ 3} We conclude that the trial court did not err in rendering judgment against McCarthy. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 4} Justin McCarthy was operating a motorcycle titled in his name in August, 1999, when he was injured in an accident caused by another motorcyclist, Gene Moran. Moran was insured under a liability policy issued by State Farm Mutual Insurance Company. State Farm offered McCarthy the policy limits of $50,000 as complete settlement of any claims against Moran. McCarthy accepted the settlement offer.
 {¶ 5} On the date of the accident, McCarthy was employed by Printing Service Company of Dayton. Printing Service Company maintained a commercial insurance package consisting of six separate coverage forms (the policy) with Republic-Franklin Insurance Company (Republic). The policy expressly provided uninsured and underinsured motorists coverage with a limit of one million dollars.
 {¶ 6} Republic agreed to the settlement between McCarthy and Moran. Thereafter, McCarthy filed a declaratory judgment action against Republic seeking underinsured motorists coverage pursuant toScott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292. Republic and McCarthy both filed motions for summary judgment in the trial court. In rendering summary judgment in favor of Republic, the trial court found that McCarthy was not entitled to coverage pursuant to Scott-Pontzer, because the "Drive Other Car" endorsement contained in the Republic policy excluded him from coverage pursuant to this court's holding in White v. American Manufacturers Mut.Ins. Co., Montgomery App. No. 19206, 2002-Ohio-4125. From this judgment, McCarthy appeals.
 II {¶ 7} McCarthy's First Assignment of Error is as follows:
 {¶ 8} "The Trial Court Erred In Granting Appellee's Motion For Summary Judgment."
 {¶ 9} McCarthy contends that the trial court erred by rendering summary judgment in favor of Republic. Specifically, he contends that the trial court was incorrect in both its reliance upon, and application of, the law set forth in White v. American Manufacturers Mut. Ins. Co.,
Montgomery App. No. 19206, 2002-Ohio-4125. Specifically, he urges us to find that our holding in White is incorrect, and that it is also inapplicable to the facts of this case.
 {¶ 10} We review the appropriateness of summary judgment de novo.Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588. Pursuant to Civ.R. 56, summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Zivich v. Mentor Soccer Club, Inc., 82 Ohio St.3d 367, 369-70,1998-Ohio-389.
 {¶ 11} In this case, the policy contains a "Drive Other Car" endorsement that names certain individuals as persons entitled to coverage. In White, supra, we concluded that the ambiguity addressed inScott-Pontzer is eliminated when the "Drive Other Car" endorsement of a similarly-worded policy includes, as named insureds, specific individuals. Id. at ¶ 32. Thus, as in the case here, when an endorsement broadens the policy language to include specific individuals who are entitled to coverage, the holding in Scott-Pontzer is inapplicable, and any person not named in the endorsement is not entitled to coverage.
 {¶ 12} From our review of the record, we find that the trial court did not err in its application of White. We conclude that the Drive-Other-Car endorsement in this case falls squarely into the holding set forth in White. We are not persuaded that we should decline to followWhite.
 {¶ 13} McCarthy also argues that this case is distinguishable fromWhite. He contends that in this case, the endorsement merely names two individuals, "David Lotterer and spouse," without specifying their relationship with the corporate insured. McCarthy argues that the ambiguity found in Scott-Pontzer is the relationship between individuals intended to be covered and the named corporate insured, the Ohio Supreme Court having decided that it would be absurd to suppose that the named corporate insured intended to expend premiums for coverage for bodily injury to itself, in the form of uninsured/underinsured coverage, since it is incapable of sustaining bodily injury.
 {¶ 14} McCarthy's argument is intriguing. We conclude, however, that the absurd interpretation that the holding in Scott-Pontzer was intended to avoid is avoided whenever one or more named individuals are specified to receive the coverage. As long as one or more individuals are named, there is an individual to receive the benefit of coverage for bodily injury, regardless of the corporation's motivation for providing that coverage. This construction of the holding in Scott-Pontzer also provides a practical test that is easier to apply than would a test requiring that a particular relationship, or particular relationships, of covered individuals to the named corporation be specified. The latter test would invite argument concerning the sufficiency of the specification of the relationship. Much easier to apply is the test that was set forth in White v. American Manufacturers Mut. Ins. Co., supra. If one or more individuals are identified as lying within the scope of the uninsured/underinsured coverage, then the Scott-Pontzer ambiguity is avoided.
 {¶ 15} McCarthy's First Assignment of Error is overruled.
 III {¶ 16} McCarthy's Second Assignment of Error is as follows:
 {¶ 17} "The Trial Court Erred In Denying Appellant's Motion For Summary Judgment."
 {¶ 18} In this assignment of error McCarthy contends that the trial court erred by finding that he is not entitled to seek binding arbitration on the issue of his damages. At the argument of this appeal, McCarthy acknowledged that the issue of coverage is not subject to arbitration, and indicated that he is raising this issue only to ensure that he will be entitled to arbitrate damages if he is successful in reversing the judgment rendered against him on liability. Because we have rejected McCarthy's arguments in support of his First Assignment of Error, the issue addressed in his Second Assignment of Error is moot.
 {¶ 19} McCarthy's Second Assignment of Error is overruled as moot.
 IV {¶ 20} Both of McCarthy's Assignments of Error having been overruled, the judgment of the trial court is affirmed.
WOLFF and GRADY, JJ., concur.